UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA RUIZ,

     Plaintiffs,

v.                          CASE NO.:

CIRCLE K STORES, INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL OF ACTION

Defendant, CIRCLE K. STORES, INC., by and through the undersigned

counsel, and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United

States Code, Rule 81(c) of the Federal Rules of Civil Procedure, and Local Rule 4.02

for the United States District Court for the Middle District of Florida, hereby serves

its Notice of and Petition for Removal of the above-styled action from the Circuit

Court of the Thirteenth Judicial Circuit of the State of Florida, in and for

Hillsborough County, to the United States District Court for the Middle District of

Florida, Tampa Division, and in support thereof would state as follows:

1.     On or about August 12, 2022, Plaintiff filed an action against

Defendant in the Circuit Court of the Thirteenth Judicial Circuit, in and for

Hillsborough County, Florida, case number 2022-CA-006806, seeking to recover

damages for injuries she allegedly sustained during a trip-and-fall incident on Defendant's premises on May 18, 2021 in Hillsborough County, Florida.

2.      Plaintiff filed a Complaint against Defendant. A copy of Plaintiff's Complaint is attached and incorporated herein as Exhibit A.

3.      In her Complaint, Plaintiff alleges injuries to her body and extremities resulting in pain, incurred medical treatment expenses, physical handicap and impairment of her ability to work. Plaintiff further alleges that these injuries are "either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future." Exh. A, ¶14.

4.      Defendant's statutory agent was served with the Complaint on August 16, 2022 pursuant to Section 48.151, Florida Statutes. A copy of the Notice of Service of Process on Defendant is attached and incorporated herein as Exhibit B.

5.      On or about September 6, 2022, Defendant served its timely Answer and Defenses to Plaintiff's Complaint. A copy of that Answer is attached and incorporated herein as Exhibit C.

6.      Defendant hereby gives notice of the exercise of its rights under the provisions of 28 U.S.C. section 1441 to remove this action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

7.     Defendant asserts that it is not in default, and this Notice of Removal has been filed within thirty (30) days of service of Plaintiff's Complaint. Exh. B.

8.     Venue properly rests with the Tampa Division of the United States District Court for the Middle District of Florida, as this action is being removed from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. 28 U.S.C. §§ 1441(a), 1446(a).

9.     The claims are causes of action against Defendant which would be removable under the terms of 28 U.S.C. §1441(b), and this Court would have original jurisdiction of such claims or causes of action under 28 U.S.C. §1332(a).

10.     Defendant asserts that there is complete diversity. In this regard, Plaintiff stated in her Complaint that she resides in Hillsborough County, Florida. Exh. A, ¶2. Additionally, Plaintiff has been an active registered voter of Hillsborough County, Florida since October 2001. A copy of Plaintiff's Voter Registration Lookup is attached and incorporated herein as Exhibit D. The above information indicates that Plaintiff's permanent home and principal establishment is the State of Florida, and she is therefore domiciled in Florida for the purposes of diversity jurisdiction.

11.     Defendant is a Texas corporation with its principal place of business in Arizona. See the Affidavit of Al Smith of Circle K Stores Inc., which is attached and incorporated herein as Exhibit E.

3

12.    Defendant asserts that the amounts in controversy exceed $75,000, exclusive of interest and costs.

13.    Although Defendant denies the merits of the assertions made by Plaintiff, her claims satisfy the jurisdictional amount in controversy requirements in this diversity action.

14.    Plaintiff's Complaint does not specify an amount of damages other than to allege that the amount is in excess of $30,000.00. Exh. A, ¶1.

15.    However, on or about June 21, 2022, Plaintiff sent a Demand for $275,000 to Defendant and provided arguments and documents to support her Demand amount. A copy of Plaintiff's Demand is attached and incorporated herein as Exhibit F.

16.    As part of his Demand, Plaintiff produced past medical bills allegedly related to the accident, which totaled $21,925.57. A copy of Plaintiff's medical bills provided in support of his Demand are attached and incorporated herein as Exhibit G.

17.    Plaintiff also stated that she was recommended for surgical intervention by one of her treating providers, Dr. Johannes V. Bloom, MD, and she intends to undergo this procedure. Exh. E. Plaintiff produced a surgical recommendation and estimate for this procedure from Dr. Bloom which states that the procedure will cost between $35,000 to $45,000 in addition to $2,000 to $3,000

4

in post-operative care. A copy of the surgical cost estimate from Dr. Bloom is attached and incorporated herein as Exhibit H.

18.     As calculated in Plaintiff's Demand, this anticipated surgery will result in medical costs of approximately $66,925.57. Exh. F.

19.     Defendant further notes that the damages identified by Plaintiff in her Demand only relate to her past medical expenses and anticipated future surgical costs. Notably, the amounts stated therein do not include damages for pain and suffering or loss of ability to work, which she pled in her Complaint and referenced in her Demand. Exh. A & F.

20.     Specifically, Plaintiff states that the $275,000 demand represents her damages for "pain, medical bills, compensation and all of the other damages suffered as a result of this accident." Exh. F.

21.     In cases in which a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy *can more likely than not be satisfied*. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (emphasis added).

22.     A removing party may establish that the amount in controversy is more likely than not satisfied if the alleged damages in a claimant's pre-suit demand are buttressed by accompanying medical records and bills showing that the claimant's past and/or future medical expenses exceed $75,000. See Poltar v.

5

LM Gen. Ins. Co., 2020 WL 4047899, at *3 (M.D. Fla. July 20, 2020) (determining

that the amount in controversy was met because claimants' pre-suit demands

contained medical bills incurred as well as detailed estimates of future potential

medical costs); see also Chiu v. Terminix Co. Int'l, L.P., 2016 WL 1445089, at *2

(M.D. Fla. Apr. 13, 2016) (determining that the amount in controversy was met

based on a pre-suit demand letter that included detailed medical records

regarding past medical expenses and detailed estimates of future medical

expenses contained in a life care plan).

23.   Additionally, while Courts are not permitted to speculate as to

amounts in controversy, "Eleventh Circuit precedent permits district courts to

make 'reasonable deductions, reasonable inferences, or other reasonable

extrapolations' from the pleadings to determine whether it is facially apparent that

a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th

Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir.2010));

Notably, Courts have denied remands in factually similar actions with medical

bills less than $75,000 where it is apparent from the face of the pleadings and other

papers at the time of removal that the amount in controversy will more likely than

not be met through additional categories of damages not yet numericized or

proven. Kilmer v. Stryker Corp., 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014)

("In the Court's experience, Plaintiff's claims for permanent injury, pain and

suffering, and past and future economic losses, when combined with the $72,792.93 in past medical expenses, drive the amount in controversy to exceed $75,000.").

24.    Here, Plaintiff has provided documentation to support a claim for $66,925.57 in past medical costs and future medical treatment. Exh. G & H. However, Plaintiff has also pled damages for pain and suffering as well as loss of ability to work. Exh A & F. These losses need only account for $8,074.44 in additional damages to satisfy the amount in controversy requirement. In consideration of these additional damages, Plaintiff demanded the specific amount of $275,000, which is below Defendant's policy limits. Exh. F. Defendant asserts that the specificity of Plaintiff's demand amount denotes a true valuation of the claim as opposed to mere posturing. Based upon the allegations set forth in Plaintiff's Complaint, the severity of the injuries alleged in Plaintiff's Demand and the specificity of Plaintiff's demand amount, Defendant asserts that the Court can reasonably conclude that the amount controversy exceeds $75,000.

25.    Defendant asserts that the information and documents received from Plaintiff to date demonstrate that the amount in controversy exceeds $75,000.

26.    Accordingly, all the prerequisites for removal under 28 U.S.C. § 1441 have been met.

7

27.    Copies of all process, pleadings and orders and other papers or exhibits of every kind on file with the State Court are being filed contemporaneously with this Notice of Removal as exhibits to Defendant's Notice of Filing.

28.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present further evidence and legal authority in support of its position.

WHEREFORE, Defendant, CIRCLE K STORES, INC. prays that this action be removed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail to the following known counsel of record: Whitney Page, Esquire and Jason Turchin, Esquire, Law Offices of Jason Turchin, 2883 Executive Park Dr., Suite 103, Weston, FL 33331 on September 14, 2022.

/s Catherine Verona
Catherine M. Verona, Esquire
Florida Bar No.: 0506559
Robert M. Stoler, Esquire
Florida Bar No.: 816256
**STOLER RUSSELL KEENER VERONA**
201 N. Franklin Street, Suite 3100
Tampa, Florida 33601
TEL: (813) 609-3200
Attorneys for Defendant

8